UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JOSEPH PETER CANNAVO and
KEY PARK,

                      Plaintiffs,

           -against-

EXPERIAN INFORMATION SOLUTIONS, INC.

                  Defendant.

-------------------------------------------------------------x

**CV 13 - 4739**

COMPLAINT

DEARIE, J.

REYES, M.J

      The plaintiffs JOSEPH PETER CANNAVO and KEY PARK bring this action against

defendant EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") and allege as

follows, upon information and belief:

## PRELIMINARY STATEMENT

1.   This is an action for actual and punitive damages along with a request for injunctive relief

brought pursuant to 15 USC § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA") and

pursuant to New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting

Act" or "NYFCRA").

2.   Experian, a national credit reporting agency, violated the FCRA and NY FCRA by

placing credit information from nine different consumers, living in five different states, some of

whom had nothing in common with the plaintiff other than sharing his initials, into plaintiff

Joseph Cannavo's credit file.  This allowed 71 overall accounts - including 47 mortgages -

totaling over $22 million dollars of delinquent and outstanding obligations which did not belong to plaintiff to appear on his credit reports issued via Experian.

3.  The plaintiffs were damaged by such conduct and are entitled to recover for those damages pursuant to the FCRA and NYFCRA, in addition to an award of punitive damages and costs and attorney's fees incurred in bringing this action.

4.  Additionally, plaintiffs seek equitable relief requiring Experian to implement and maintain procedures to comply with the NYFCRA.

## JURISDICTION AND VENUE

5.  The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).  This Court has diversity jurisdiction over the state law claims under 28 USC § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.  Plaintiffs are a married couple and "consumers" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

7.  Defendant Experian is an Ohio corporation, duly licensed, qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

## FACTUAL BACKGROUND

8.  Plaintiff Joseph Peter Cannavo is a licensed physician and psychiatrist.  Dr. Cannavo has always paid his bills in a timely manner.

9.  For at least the past six years defendant Experian has been placing information belonging

to as many as nine different individuals - named Jose Jesus Cannahui, Joseph Canavo, J
Cannavo, Joseph Cannova, Joseph Cannovo, Joe Cannavo, Joseph Cannavo, Jose Canahui, and
Joseph Canty - on the plaintiff's credit reports. Those individuals have different names from the
plaintiff, different social security numbers, different dates of birth and different residences than
Dr. Cannavo. Some of them reside as far away as Michigan, Indiana and Florida.

10. Despite these significant and obvious differences Experian continues to place negative
information belonging to these other individuals on Dr. Cannavo's credit reports.

11. As of June 2013 Experian was reporting 71 (seventy-one) accounts that did not belong to
Dr. Cannavo – including an astonishing 47 (forty-seven) mortgages - totaling over $22.7 million
worth of judgments, unpaid accounts and outstanding obligations on Dr. Cannavo's credit report.
Plaintiff has a 63 (sixty- three) page credit report due to these erroneously reported accounts.

12. In the past two years Experian has reported this information to various users of credit
reports over 50 (fifty) times.

13. Experian's credit score lists plaintiff as having worse credit than 97% of other consumers.

14. The other two national credit reporting agencies, Trans Union and Equifax, list Dr.
Cannavo as having near perfect credit without so much as a single derogatory account or late
payment.

15. In an attempt to fix the situation plaintiff hired a law firm to assist him in disputing the
subject accounts to no avail.

16. Experian's destruction of the plaintiff's name and reputation has had a devastating impact
on Dr. Cannavo's life. Despite being a 53 year old physician and psychiatrist making a
significant salary, because of Experian's conduct Dr. Cannavo has never been able to own a

home, buy a car on his own or even get a credit card with more than a thousand dollar credit limit. Every time Dr. Cannavo moves he must explain to potential landlords that he does not in fact owe millions of dollars to 71 different creditors and he must ask his employers to write a letter of recommendation so that he can have a place to live.

17. These economic hardships understandably take an enormous toll on Dr. Cannavo's mental well-being and have caused him a significant amount of emotional distress.

18. Dr. Cannavo's wife, Key Park, also suffers enormously from Experian's conduct. Despite her own perfect credit history, Ms. Park's mortgage application with her husband was denied due to his Experian report. She has also experienced a significant amount of emotional distress over these issues.

## FIRST CAUSE OF ACTION
### VIOLATION OF 15 USC § 1681e(b) and NY GBL § 380-g
### BY BOTH PLAINTIFFS AGAINST EXPERIAN

19. The plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

20. Defendant Experian maintained, prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, Dr. Joseph Cannavo, as that term is defined in 15 U.S.C. § 1681a(d) and NY GBL §380-a(c)(2).

21. Such reports contained the subject vacated civil judgment which was inaccurate, erroneous and false. Experian knew, or should have known, that the reports contained erroneous information.

22. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining

4

to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b) and NY GBL §§ 380-j(a)(3) and 380-j(e).

23. In the alternative, Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b) and NY GBL §§ 380j-(a)(3) and 380-j(e).

24. Experian is liable to the plaintiffs for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiffs' reasonable attorney's fees and pursuant to 15 U.S.C. §§ 1681n and 1681o and NY GBL §§ 380-j and 380-m.

25. Defendant Experian maintains a regular business practice of placing credit information belonging to different individuals into each other's files and credit reports in violation of the NYFCRA. Plaintiffs are thus further entitled to an injunction requiring Experian to implement and maintain reasonable procedures designed to insure that credit information belonging to different consumers does not end up on credit files and reports which do not belong to that consumer.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: August 22, 2013

Respectfully submitted,

Kevin C. Mallon (kcm 4798)
FISHMAN & MALLON, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
consumer.esq@outlook.com
Attorneys for the Plaintiff

5