UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JOSEPH PETER CANNAVO and
KEY PARK,

                         Plaintiffs,

             -against-

EXPERIAN INFORMATION SOLUTIONS, INC.

                       Defendant.
-----------------------------------------------------------------x

13 CV 4739 (RJD) (RER)

**FIRST AMENDED
COMPLAINT**

The plaintiffs JOSEPH PETER CANNAVO and KEY PARK bring this action against defendant EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") and allege as follows, upon information and belief:

## PRELIMINARY STATEMENT

1.   This is an action for actual and punitive damages along with a request for injunctive relief brought pursuant to 15 USC § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA") and pursuant to New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NYFCRA").

2.   Experian, a national credit reporting agency, violated the FCRA and NY FCRA by placing credit information from up to nine different consumers, living in as many as five different states, some of whom had nothing in common with the plaintiff other than sharing his initials, into plaintiff Joseph Cannavo's credit file.  This allowed 71 overall accounts - including 47 mortgages - totaling over $22 million dollars of delinquent and outstanding obligations which

1

did not belong to plaintiff to appear on his credit reports issued via Experian.

3.    The plaintiffs were damaged by such conduct and are entitled to recover for those damages pursuant to the FCRA and NYFCRA, in addition to an award of punitive damages and costs and attorney's fees incurred in bringing this action.

4.    Additionally, plaintiffs seek equitable relief requiring Experian to implement and maintain procedures to comply with the NYFCRA.

## JURISDICTION AND VENUE

5.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).  This Court has diversity jurisdiction over the state law claims under 28 USC § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.    Plaintiffs are a married couple and "consumers" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

7.    Defendant Experian is an Ohio corporation, duly licensed, qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

## FACTUAL BACKGROUND

8.    Plaintiff Joseph Peter Cannavo is a licensed physician and psychiatrist.

9.    For more than four years defendant Experian has been placing information belonging to as many as nine different individuals - named Jose Jesus Cannahui, Joseph Canavo, J Cannavo, Joseph Cannova, Joseph Cannovo, Joe Cannavo, Joseph Cannavo, Jose Canahui, and Joseph

Canty - on the plaintiff's credit reports.  Those individuals have different names from the plaintiff, different social security numbers, different dates of birth and different residences than Dr. Cannavo.   Some of them reside as far away as Indiana and Florida.

10.  Despite these significant and obvious differences Experian continues to place negative information belonging to these other individuals on Dr. Cannavo's credit reports.

11.  As of June 2013 Experian was reporting 71 (seventy-one) accounts that did not belong to Dr. Cannavo – including an astonishing 47 (forty-seven) mortgages - totaling over $22.7 million worth of judgments, unpaid accounts and outstanding obligations on Dr. Cannavo's credit report.  Plaintiff has a 63 (sixty- three) page credit report due to these erroneously reported accounts.

12.  In the past two years Experian has reported this information to various users of credit reports over 50 (fifty) times.

13.  Experian's credit score lists plaintiff as having worse credit than 97% of other consumers.

14.  The other two national credit reporting agencies, Trans Union and Equifax, list Dr. Cannavo as having near perfect credit without so much as a single derogatory account or late payment.

15.  In an attempt to fix the situation plaintiff hired a law firm to assist him in disputing the subject accounts.  Between March and May 2013 the firm hired by Dr. Cannavo mailed Experian at least three letters on his behalf disputing a number of the erroneous accounts listed on the plaintiff's report and made at least one further online electronic dispute of the erroneous accounts with Experian on the plaintiff's behalf.

16.  However, Experian flatly refused to even consider any of these disputes because they were provided by a law firm hired by Dr. Cannavo instead of coming directly from the plaintiff.

3

Instead, Experian refused to investigate the disputed accounts – which clearly did not belong to plaintiff  - and refused to even review the plaintiff's credit report which was clearly mixed up with that of at least one other person.

17.  Experian failed to even notify the plaintiff that it was refusing to investigate his disputes.

18.  Accordingly, none of the 71 erroneously placed accounts on the plaintiff's credit reports were ever fixed prior to the filing of his lawsuit against Experian.

19.  Plaintiff made additional attempts to call Experian and dispute the erroneous accounts appearing on his credit report but was unable to reach an operator who would assist him

20.  Experian's destruction of the plaintiff's name and reputation has had a devastating impact on Dr. Cannavo's life.  Despite being a 53 year old physician and psychiatrist making a significant salary, because of Experian's conduct Dr. Cannavo has never been able to own a home, buy a car on his own or even get a credit card with more than a thousand dollar credit limit since this problem with Experian began.  Every time Dr. Cannavo moves he must explain to potential landlords that he does not in fact owe millions of dollars to 71 different creditors and he must ask his employers to write a letter of recommendation so that he can have a place to live.

21.  These economic hardships understandably take an enormous toll on Dr. Cannavo's mental well-being and have caused him a significant amount of emotional distress.

22.  Dr. Cannavo's wife, Key Park, also suffers enormously from Experian's conduct. Despite her own near perfect credit history, Ms. Park's mortgage application with her husband was denied due to his Experian report.  She has also experienced a significant amount of emotional distress over these issues.

## FIRST CAUSE OF ACTION
VIOLATION OF 15 USC § 1681e(b) and NY GBL § 380-j and 380-g
By Both Plaintiffs Against Experian

23.  The plaintiffs' repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

24.  Defendant Experian maintained, prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, Dr. Joseph Cannavo, as that term is defined in 15 U.S.C. § 1681a(d) and NY GBL §380-a(c)(2).

25.  The reports issued by Experian on the plaintiff Joseph Cannavo's behalf contained numerous accounts which did not belong to him but instead belonged to at least one other individual.  Experian mixed the files of other separate unrelated individuals onto plaintiff's credit report which resulted in approximately 71 accounts which did not belong to him being placed on his report, in addition to countless names and addresses that did also not belong to the plaintiff.

26.  Experian knew, or should have known, that the reports contained erroneous information.

27.  Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b) and NY GBL §§ 380-j(a)(3) and 380-j(e).

28.  In the alternative, Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b) and NY GBL §§ 380j-(a)(3) and 380-j(e).

29.  Experian is liable to the plaintiffs for actual and punitive damages in an amount to be

determined by the trier of fact, as well as the plaintiffs' reasonable attorney's fees and pursuant to 15 U.S.C. §§ 1681n and 1681o and NY GBL §§ 380-l and 380-m.

30.  Defendant Experian maintains a regular business practice of placing credit information belonging to different individuals into each other's files and credit reports in violation of the NYFCRA.  Plaintiffs are thus further entitled to an injunction requiring Experian to implement and maintain reasonable procedures designed to insure that credit information belonging to different consumers does not end up on credit files and reports which do not belong to that consumer.

### SECOND CAUSE OF ACTION
VIOLATION OF 15 USC § 1681i and NY GBL § 380-f
By Both Plaintiffs Against Experian

31.  The plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

32.  Between March and May 2012 a law firm hired by the plaintiff made at least four disputes to Experian of erroneous accounts appearing on the plaintiff Joseph Cannavo's credit report.

33.  Experian refused to process, investigate or even consider those disputes because they were sent on plaintiff's behalf by a law firm he had retained to assist him in fixing the mistakes on his Experian report.

34.  The plaintiffs are informed and believe that Experian's policy is to refuse to consider disputes that were sent by third parties hired and authorized by consumers to make such disputes in complete disregard of its obligations under both the FCRA and NY FCRA.

35.  Defendant willfully (or, in the alternative, negligently) violated 15 USC 1681i  and NY

GBL 380-f by failing to conduct a reasonable reinvestigation of the plaintiff's disputes.

36. Defendant further willfully (or, in the alternative, negligently) violated 15 USC 1681i (A)(3)(B) and (C) by failing to notify plaintiff that it deemed his disputes frivolous or irrelevant.

37. Experian is liable to the plaintiffs for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiffs' reasonable attorney's fees and pursuant to 15 U.S.C. §§ 1681n and 1681o and NY GBL §§ 380-l and 380-m.

38. Defendant Experian maintains a regular business practice of refusing to consumer disputes made by authorized third parties on behalf of consumers, or to even notify consumers that they consider such disputes frivolous or irrelevant.  Plaintiffs are thus further entitled to an injunction requiring Experian to implement and maintain procedures designed to comply with .

## THIRD CAUSE OF ACTION
### VIOLATION OF 15 USC § 1681b and NY GBL § 380-b
### By Plaintiff Joseph Cannavo Only Against Experian

39. The plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

40. Defendant Equifax willfully (or, in the alternative, negligently) provided plaintiff's credit report to multiple creditors without a permissible purpose to do so in violation of 15 USC § 1681b(a),  15 USC § 1681e(a) and NY GBL 380-b.

///

///

///

///

///

41.  Experian is liable to the plaintiffs for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiffs' reasonable attorney's fees and pursuant to 15 U.S.C. §§ 1681n and 1681o and NY GBL §§ 380-l and 380-m.


**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: December 5, 2013

Respectfully submitted,

Kevin C. Mallon (kcm 4798)
FISHMAN & MALLON, LLP
305 Broadway, Suite 900
New York, NY  10007
(212) 822-1474
consumer.esq@outlook.com
*Attorneys for the Plaintiffs*